June Term,
1861.

NEFF
v.
CHICAGO & N.
W. R. R. Co.

NEFF vs. THE CHICAGO AND NORTHWESTERN RAILROAD
COMPANY.

If it was necessary that there should be separate appeals from two separate awards, made by commissioners appointed under chapter 137 of general laws of 1856, to appraise several parcels of land belonging to the same owner, situate in different towns of the same county, and appropriated by a railroad company for the purposes of their track, *one* notice to the company that the owner appealed from both awards was sufficient; and if each award was the subject of a separate appeal, they could have been so entered in the circuit court.

But it was necessary that notice of the appeal should have been served upon the clerk of the circuit court within thirty days after the filing or depositing of the award, and where this was not done, the appeal was properly dismissed by the circuit court.

APPEAL from the Circuit Court for *Winnebago* County. The case is stated in the opinion of the court.

*Wheeler & Coolbaugh*, for appellants.

*Bouck & Edmonds*, for respondent.

December 11.

*By the Court*, PAINE, J.   In this case the land of the appellant was taken by the railroad company, and he attempted to appeal from the appraisal of the commissioners to the circuit court.   The commissioners appraised different parcels of the appellant's land, situated in different towns, at different times, and made separate awards.   The appellant served copies of the awards on the attorneys of the company within the time limited for appealing, together with a written notice that he appealed from both awards; and on motion the circuit court dismissed the appeal, from which order the appeal was taken to this court.   It was contended by the counsel for the company that the statute required separate appeals from the appraisal of each tract, or at least from each award. And how it should be done is a question upon which the statute furnishes very little light.   But even assuming that there should be separate appeals from the different reports, relating as they did to lands in different towns, we are still not prepared to say that so far as the notice to the party was concerned, the one served in this case would not be sufficient.   So far as all the purposes of a notice were concerned,

June Term,
1861.

Neff
v.
Chicago & N.
W. R. R. Co

it certainly was sufficient. It advertised the company of the fact of appeal from each report with just as much certainty as if the same matter had been communicated in two notices instead of one. It is true we have held at the present term, that in appeals from the circuit court to this court, the statute contemplates separate appeals from different judgments or appealable orders, and that two could not be joined in one notice and undertaking. But one of the strong reasons for so holding was the fact that an undertaking was required to be given in a fixed amount, and if the party could join several appeals in one undertaking, he might thereby evade the intent of the law in requiring security. Another reason was the confusion which it might cause in the proceedings in this court, by joining in one appeal several orders or judgments, some of which we might be compelled to affirm, while reversing or modifying others. But even in those cases we did not hold that if the party appealing should serve a proper notice in each case upon the clerk and give a proper undertaking on each appeal, he might not notify the party of several appeals in one written notice. At all events we are of the opinion that in this proceeding, had the appeal been otherwise properly taken, the notice to the party was sufficient, and if each award constituted the subject of a separate appeal, they could have been so entered in the circuit court.

But we have, after considerable hesitation, come to the conclusion that the circuit court properly dismissed them, for the reason that it does not appear that any notice was served on the clerk within the time limited for appealing. The statute upon the subject is found in sec. 19, chap. 137, Gen. Laws of 1856, p. 254, and all it says is that the company or the owner may " appeal to the circuit court wherein is deposited any such report, within thirty days after the filing or depositing thereof." As to how the appeal is to be taken it says not a word. And we had some doubt whether any appeal could be taken under such a statute. But we finally came to the conclusion that the clause which provides that the clerk shall record the reports unless an appeal is taken in thirty days after they are deposited, could be said to in-

June Term, 1861.

dicate an intention that the notice of appeal should at least be served upon him. And perhaps in the absence of this clause, it might fairly be said that the legislature, in omitting to prescribe the manner of appealing, intended it should be done in the manner usually provided for in such cases. The reasoning in *Gold vs. Verm. C. R. R. Co.*, 19 Vermont, 478, would sustain such a conclusion. The most usual mode of appealing in such cases is by serving a notice on the party and on the clerk. And we think the clause above referred to must be held to have intended a notice to the clerk, for at the end of the thirty days he is required to act with reference to the question whether an appeal has been taken or not. No notice appears here to have been served on the clerk within the thirty days, and we therefore cannot say that the court erred in dismissing the appeals.

The order is affirmed.